United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20610

_____

THE VALENTINE FOUNDATION; COURTNEY SMITH,

Plaintiffs - Appellants,

versus

MARTY UPHOFF; ET AL,

Defendants,

CITY OF HOUSTON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:04-CV-1891)

_____

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Valentine Foundation and Courtney Smith appeal the district court's grant of summary

judgment in favor of the City of Houston on their 42 U.S.C. § 1983 claim. We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

# I. FACTS AND PROCEEDINGS

The Valentine Foundation (the "Foundation") and Courtney Smith sued the City of Houston and certain officers of the Houston Police Department ("HPD") alleging deprivation of civil rights under § 1983. In their joint complaint, the plaintiffs alleged that an HPD officer, Marty Uphoff, along with other unnamed officers, had served Smith with an arrest warrant for auto theft and that the service had occurred at Smith's place of employment, the Foundation. The automobile supposedly stolen was a van, the title for which having been purportedly transferred to the Foundation from Florence McLarty. Smith alleged that in the process of serving the warrant, Uphoff threatened to kill her; offered to make the arrest "go away" in exchange for transferring the van title to McLarty; and seized without a warrant Smith's briefcase, purse, keys, the van's title, and various other documents. Uphoff allegedly seized the van and had it towed directly to McLarty's residence. Thereafter, Smith lodged an internal affairs complaint with HPD, at which point the van was returned to police custody. The Foundation alleged that the foregoing events show that Uphoff stole the van and its title pursuant to an illegal search and seizure.

The district court dismissed the individual defendants and granted summary judgment in favor of the City. Smith and the Foundation appeal only the grant of summary judgment.

# II. DISCUSSION

This court reviews de novo the district court's grant of summary judgment. *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 600 (5th Cir. 2001). For § 1983 liability to attach, plaintiffs must show that the City was responsible for any constitutional violations. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Municipalities have no § 1983 liability under a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "[M]unicipal liability

under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

Official policies are typically contained in ordinances, regulations, or policy statements. *Id.* at 579. An official policy can also be evidenced by a custom, defined as "'a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Id.* (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

The district court found that the plaintiffs had failed to raise a fact issue as to the second element—whether the City had in place an official policy that deprived the plaintiffs of constitutional rights. In support of its summary judgment motion, the City offered an affidavit from an HPD captain in which the captain averred that HPD had no customs or policies that allowed officers to violate individuals' constitutional rights. Smith and the Foundation offered no countervailing summary judgment evidence, having never filed a response to the City's summary judgment motion.[1]

On appeal, Smith and the Foundation challenge the district court's official-policy finding. They offer conclusory assertions that HPD officers exhibited widespread "misbehavior" and that Uphoff's actions were not an isolated incident. However, they offered no summary judgment evidence to support this assertion, nor do they now explain how Uphoff's actions are typical or well-settled

---

[1]The plaintiffs sought, and the district court granted, two extensions to allow the plaintiffs to file a response to the City's summary judgment motion. Despite the extensions, the plaintiffs never filed a response.

actions of HPD officers. To the extent the plaintiffs suggest that the City should be liable for Uphoff's actions on a *respondeat superior* theory, *Monell* forecloses that argument. 436 U.S. at 691.

Smith and the Foundation also allege inadequate training, citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). The *Harris* Court stated that inadequate training could result in a municipality's § 1983 liability if the need for training was "obvious" and the lack of training deprived the plaintiffs of constitutional rights. *Id.* The plaintiffs argue that Uphoff's conduct exhibited an obvious need for training. The *Harris* Court, however, also indicated that isolated incidents of police wrongdoing do not support a finding that training is inadequate. *Id.* at 391. The plaintiffs offered no evidence that Uphoff, or even any other HPD officers, have at any other time engaged in practices similar to those alleged. Nor have the plaintiffs offered any evidence regarding Uphoff's training that suggests inadequacy. We decline to hold that the isolated Uphoff incident suffices to defeat the City's summary judgment motion on the basis of inadequate training.

Smith and the Foundation also argue that involvement by HPD officers—other than Uphoff—in the van's release to McLarty without impounding indicates an official policy that deprives individuals of constitutional rights. Assuming that the release of the vehicle to McLarty is a constitutional violation, notwithstanding the HPD's subsequent impounding, proof of a single instance of unconstitutional activity is not sufficient for § 1983 municipal liability. *See McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) ("Isolated instances . . . are inadequate to prove knowledge and acquiescence by policymakers."). Lastly, Smith and the Foundation argue that the district court should have allowed more discovery. There is no indication that plaintiffs ever requested any discovery before now. This contention has no merit. *See Rios v. Hickey*, 83 F.3d 419 (5th Cir. 1996) (table decision).

4

The judgment of the district court is AFFIRMED.